# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Case No. 14-472V
Filed: September 2, 2014

```
* * * * * * * * * * * * * **
ALISA PITTALUGA, mother of      *
D.P., a minor,                  *    UNPUBLISHED
                                *
         Petitioner,            *
                                *
                                *    Special Master Dorsey
v.                              *
                                *
SECRETARY OF HEALTH             *    Measles-Mumps-Rubella (MMR) Vaccine;
AND HUMAN SERVICES,             *    Thrombocytopenic Purpura; Conceded.
                                *
         Respondent.            *
* * * * * * * * * * * * * **
```

Christina Ciampolillo, Conway, Homer & Chin-Caplan, P.C., for petitioner.
Gordon Shemin, United States Department of Justice, Washington, DC, for respondent.

## UNPUBLISHED RULING ON ENTITLEMENT[1]

On June 4, 2014, Alisa Pittaluga ("petitioner") filed a petition for compensation on behalf of her child, D.P., under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that D.P. suffered from thrombocytopenic purpura as a result of receiving a measles-mumps-rubella ("MMR") vaccine on August 15, 2011. Petition at 1.

On August 29, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she concludes that "the medical records satisfy the criteria set forth in the Vaccine Injury Table …

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

for demonstrating a presumptively vaccine-related thrombocytopenic purpura." Respondent's Report at 4.  The Rule 4 Report also acknowledges that petitioner has satisfied all the other legal prerequisites for compensation under the Act.  Id.  "Accordingly, respondent has concluded that compensation is appropriate for D.P.'s thrombocytopenic purpura."  Id.

In view of respondent's position and of the undersigned's review of the entire record, see § 300aa-13(a)(1), the undersigned finds that petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine.  42 C.F.R. § 100.3(a)(XIV); Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274 (Fed. Cir. 2005).  A separate damages order will issue.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master