# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-472V
Filed: November 24, 2014

* * * * * * * * * * * * * *  *
ALISA PITTALUGA, mother of          *         UNPUBLISHED
D.P., a minor,                      *         Special Master Dorsey
                                    *
         Petitioner,                *
                                    *
v.                                  *
                                    *         Decision on Proffer; Damages;
SECRETARY OF HEALTH                 *         Table Injury; Measles-Mumps-
AND HUMAN SERVICES,                 *         Rubella (MMR) Vaccine;
                                    *         Thrombocytopenic Purpura.
         Respondent.                *
                                    *
* * * * * * * * * * * * * *  *

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Gordon Elliot Shemin, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING DAMAGES**[1]

On June 4, 2014, Alisa Pittaluga ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2], on behalf of her child, D.P. 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that D.P received the measles-mumps rubella (MMR) vaccine on August 15, 2011, and thereafter suffered thrombocytopenic purpura. See Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 29, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) conceding that petitioner is entitled to compensation in this case. Respondent's Report at 3-5. Specifically, respondent agreed that the medical records satisfy the criteria set forth in the Vaccine Injury Table and accompanying QAI for demonstrating a presumptively vaccine-related thrombocytopenic purpura. Id. at 4.

On November 24, 2014, respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer (Appendix A), the undersigned awards petitioner:

**(1)   A lump sum of $685.23, in the form of a check payable to petitioner Alisa Pittaluga; and**

**(2)   A lump sum payment of $50,000.00, in the form of a check payable to petitioner Alisa Pittaluga as the guardian/conservator of D.P.'s estate**. Respondent states that no payments shall be made until petitioner provides respondent with documentation establishing she has been appointed as the guardian/conservator of D.P.'s estate. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALISA PITTALUGA, mother of D.P., a minor,  Petitioner,  v.  SECRETARY OF HEALTH AND HUMAN SERVICES,  Respondent. | No. 14-472V Special Master Dorsey ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.  Items of Compensation**

For purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report, filed on August 29, 2014 conceding entitlement in this case. Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,685.23, consisting of $685.23 in past unreimbursable expenses and $50,000.00 in pain and suffering. This represents all elements of competition to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) for D.P.'s vaccine-related injury. Petitioner agrees.

**II.  Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through two lump sum payments described below, and request that the Special Master's decision and the Court's judgment award the following:

A.  A lump sum of $685.23 in the form of a check payable to petitioner Alisa Pittaluga; and

B.  A lump sum of $50,000.00 in the form of a check payable to petitioner Alisa Pittaluga as the guardian/conservator of D.P.'s estate.

1.  Guardianship

No payments shall be made pursuant to paragraph B until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of D.P.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.P., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.P. upon submission of written documentation of such appointment to the Secretary.

**III.   Summary of Recommended Payments Following Judgment**

  A.   Lump sum paid to petitioner:                                                  **$685.23**

  B.   Lump sum paid to petitioner as the guardian/conservator
       of D.P.'s estate:                                                              **$50,000.00**

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

|  |  |
|---|---|
|  | /s/ Gordon Shemin |
|  | GORDON SHEMIN |
|  | Trial Attorney |
|  | Torts Branch, Civil Division |
|  | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C.  20044-0146 |
|  | Telephone: (202) 616-4208 |
| Dated:  November 24, 2014 | Fax: (202) 353-2988 |